Filed 1/31/22  P. v. Price CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>CHRISTOPHER J. PRICE,<br><br>     Defendant and Appellant. | B310967<br><br>Los Angeles County<br>Super. Ct. No. VA071398 |

APPEAL from an order of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Reversed and remanded.

Neil Rosenbaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Christopher J. Price of beating Eli Reyes to death.  The trial court instructed the jury on, and the prosecutor argued, the natural and probable consequences doctrine.  Price filed a petition for resentencing under Penal Code section 1170.95.  The trial court denied the petition.  Price appeals this denial, arguing the trial court erred by not acting as an independent trier of fact.  Because the record is unclear in this respect, we reverse and remand.  Undesignated statutory references are to the Penal Code.

Price's beating of Reyes lasted for hours.  Two other assailants participated.  There were two possible causes of death: strangulation and multiple head blows.  During the beating, Price sometimes participated but sometimes left the room where the others were beating Reyes.  Price forcefully kicked Reyes in the head twice.  The day after the beating another witness saw Price make a stomping motion and say, "That was fucking crazy, dude."

At trial, the court instructed the jury on murder liability, including implied malice murder and the natural and probable consequences doctrine.  The prosecution and defense arguments focused on the natural and probable consequences theory.  The jury convicted Price and the others of second degree murder. (§ 187, subd. (a).)  All three appealed. We affirmed. (*People v. Vasquez* (Apr. 6, 2006, B173875) [nonpub. opn.].)

Price filed a petition for resentencing.  (§ 1170.95, subd. (a).)  The court appointed counsel.  The trial court set a hearing under section 1170.95, subdivision (d).

At this hearing, the law requires the trial court to act as an independent trier of fact.  It must determine whether the

prosecution proved murder under current law beyond a reasonable doubt.

The question thus is not what the jury did do, or what a hypothetical jury would do, but rather what the *court* has decided as an independent trier of fact.  (§ 1170.95, subd. (d)(3) [parties may offer new or additional evidence].)

The parties agree on this standard, but disagree whether the court properly applied it.

The trial court reviewed the record of conviction, including the trial transcripts and appellate record, and the evidence submitted by the parties.  The court heard argument from counsel.  During the hearing, the court correctly stated the prosecution's burden was to prove its case beyond a reasonable doubt.

The problem arose when the court discussed its findings, because some statements seem to depart from the proper standard, which is evaluation by the court acting as an independent evaluator of the evidence.  The court repeatedly referred to what a *jury* could or would have done:  "would a juror – could a jury convict him of a viable non 1170.95 theory presently with today's case law"; "the defendant would most definitely, I should say, beyond a reasonable doubt, I would say, could have and would have been convicted"; "[t]here is most definitely sufficient evidence of the beating to indicate to this court that the defendant would have been convicted under that currently valid theory."

We do not address whether the error was harmless, for the prosecution in its responsive brief did not touch on that point.  Whether Price could be convicted beyond a reasonable doubt is a

3

matter for the superior court to decide in the first instance as an independent trier of fact.

Price's other arguments are moot.

Our decision here is of a piece with *People v. Montiel* (Oct. 12, 2021, B308786) [nonpub. opn.], where we affirmed the denial of a section 1170.95 petition by one of Price's codefendants. The trial court held separate hearings for Montiel and Price. In Montiel's hearing, the trial court consistently applied the proper legal standard. Montiel did not challenge this aspect of the court's ruling. In Price's hearing, the court's words created the doubt we have described.

## DISPOSITION

We reverse the order denying Price's petition and remand for the trial court to hold an evidentiary hearing conforming to subsection (d) of section 1170.95 at which the trial court must act as an independent trier of fact.


                                        WILEY, J.


We concur:


        GRIMES, Acting P. J.          HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.